UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                                :

IN RE ISSUER PLAINTIFF INITIAL PUBLIC   :     00 Civ. 7804 (LMM)
OFFERING ANTITRUST LITIGATION             :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
IN RE PUBLIC OFFERING FEE ANTITRUST   :
LITIGATION                                          :     98 Civ. 7890 (LMM)
                                                                 :
                                                                 :         ORDER
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

McKENNA, D.J.,

        Plaintiffs filed a Motion for Class Certification on September 16, 2004. This motion is now fully briefed and is pending before this Court. On October 26, 2005, plaintiffs filed a Motion for Summary Judgment. On December 16, 2005, this Court issued an order staying the briefing schedule for the Motion for Summary Judgment until this Court issues a decision on plaintiffs' pending Motion for Class Certification.

        Plaintiffs now file a motion to appoint the law firm of Kirby McInerney & Squire, LLP as interim counsel for the putative class. For the following reasons, plaintiffs' Motion for Appointment of Interim Counsel is denied.

        Under Fed. R. Civ. P. 23(g)(2)(A), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." According to the Advisory Committee's Notes, this rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." The Notes suggest that courts consider a number of points

when deciding whether such an appointment is necessary. The Court will discuss these below.

First, the Notes contemplate that interim counsel may be necessary so that there will be one attorney responsible for "tak[ing] action to prepare for the certification decision." Fed. R. Civ. P. 23(g)(2)(A) advisory committee's notes. This consideration does not apply here, as the Motion for Class Certification has already been fully briefed.

Second, interim counsel may be necessary to "make or respond to motions before certification." Id. This consideration also does not apply here as the briefing schedule for the only pending motion – plaintiffs' Motion for Summary Judgment – has been stayed until after this Court decides plaintiffs' Motion for Class Certification.

Third, interim counsel may be necessary so that "[s]ettlement may be discussed before certification." Id. Here, defendants recently contacted the individual issuer plaintiffs, through their counsel (who is also the proposed interim class counsel), seeking to resolve the matter on a non-class basis. Plaintiffs rejected the proposal; however, Kirby McInerney contends that, if accepted, the settlement would have greatly prejudiced the putative class. Kirby McInerney argues that interim counsel is necessary to prevent defendants from making another proposal to the individual plaintiffs, thereby protecting the putative class's interests.

There is nothing improper about defendants approaching the individual issuer plaintiffs so long as that contact is through plaintiffs' counsel. If the individual plaintiffs desire to settle on a non-class basis, that is their prerogative. Additionally, Kirby McInerney, as the law firm acting on behalf of both the individual plaintiffs and the

putative class, must still "seek a settlement that is fair, reasonable, and adequate for the class" even if not officially appointed as interim class counsel. Id.

Finally, the Notes contemplate that "[i]n some cases . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Id. Here there is no rivalry among competing law firms to represent the putative class. Kirby McInerney has represented the issuer plaintiffs and putative class since the complaint was filed in 2000, and there is no apparent interference or rivalry from any other counsel.

Thus, this Court finds that none of the considerations discussed in the Notes weigh in favor of appointing interim counsel. Additionally, the Notes highlight that "[f]ailure to make the formal designation does not prevent the attorney who filed the action from proceeding in it. Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole." Id. Thus, denying the appointment of interim counsel does not prejudice the putative class in any way. Kirby McInerney may still represent the putative class for the purposes of filing and responding to motions, conducting discovery, engaging in settlement discussions, or any other legitimate purpose.

For the reasons stated above, plaintiffs' Motion for Appointment of Interim Counsel is denied.

So Ordered.

Dated: January 20, 2006
      New York, New York

                                        Lawrence M. McKenna
                                        U.S.D.J.